The next case on the calendar is on re Mulligan May it please the court. My name is Lawrence Mulligan. I am the appellant I am the debtor and I am the defendant in this action Your honors before I begin I noticed before I came in that there is a recent case from the Court of Appeals in the state Of Connecticut on the subject of collateral estoppel It is no different than what is already in the brief But it is the highest court in the state and a recent statement I've given a copy to my opponent and I have several copies if the court would like them. It's not yet reported It's only four weeks old. You provided a copy to your I did Your honors this is a matter involving collateral estoppel like res judicata and like summary judgment collateral estoppel keeps with it the risk of denying an individual his right to a fair trial In a non-dischargeability case it also runs the risk of denying an individual his right to a fresh start In the state of Connecticut which is the law that applies to this case for collateral estoppel purposes Collateral estoppel requires the moving party to direct the court attention to the portions of the trial record which show that the criteria for collateral estoppel exist in the record I don't think I can say it any better than the case of Dateby and Francis Springhold on page 27 of appellant's brief Where the court states the bankruptcy court has the obligation to carefully examine the record of the state court proceeding For the court to apply collateral estoppel in a dischargeability proceeding the requisite elements for a 523A claim must have been specifically decided by the state court We submit I submit Mulligan submits your honors that Judge Nevins in the bankruptcy court did not distinguish between reviewing the record for the purpose of relitigating facts as opposed to reviewing the record to satisfy the Connecticut criteria Judge Nevins indicated that she was not permitted to relitigate all parties agreed that she could not relitigate but somewhere in that translation she did not recognize that Connecticut does require the court in its plenary jurisdiction to review the entire record and to satisfy the court that enough of the elements exist So that the court can essentially deny an individual due process because it is justified because he had due process earlier Mr. Mulligan my concern here is that before the in the in the before the bankruptcy court it was stated I thought and correct me if I'm wrong that the only issue to be decided was dischargeability And that you would rely on the the elements of the of the litigation the state court were not in not in dispute No your honor I don't believe that's correct but what the both courts have said Judge Nevins and also Judge Meyer in the U.S. District Court said that the attorney for Mulligan at that time agreed with the court and with Jalbert's attorneys that they could not relitigate the issues And I think that's where Judge Nevins was in error they did they did agree to that but we are not never suggested that the court should relitigate issues all of the Connecticut cases discussing collateral estoppel including Further than that not not not just not relitigate but but basically accept the findings accept the findings and then decide whether or not that amounted to something that would be dischargeable Your honor I don't think that's correct and I think you would see that in the opposition that was filed in to the motion for summary judgment in the bankruptcy court where testimony from the record was used to explain to the court why collateral estoppel requirements were not satisfied by the court And in that argument counsel for Mulligan at that time indicated that the trial court was obligated to look to the record in deciding whether or not collateral estoppel was appropriate so I think there are two issues one is the discharge ability issue but the plaintiff sought to have summary judgment as to discharge ability So the summary judgment is where the collateral estoppel lies and those rules are set forth and they were not met in the Jalbert's motion In essence what I indicated was that Mulligan never suggested to the court that the court was obligated to relitigate I believe that the Connecticut rules essentially state that we want the court to be satisfied from looking at the record not just the decision that the individual had some due process in the earlier proceeding before we deny him what could be due process in the current proceeding I think like summary judgment the court needs to be very careful not to invalidate those rights I believe that's all I have the only thing I would point out is that the In re Moses case which is cited in the appellant's brief is an excellent case because it is very similar to the case presently before the court Thank you Good morning and may it please the court my name is Benjamin Wattenmaker I represent the appellees in this case Bruce and Pamela Jalbert The appellant in this case appears to make one principle argument and that is that the bankruptcy court excuse me agreed or should have should be required to look at the entirety of the state trial court record To determine whether the factual findings made by the state trial court in its 2013 memorandum of decision were correct We have two principle responses to that and your honor you pointed at exactly the first one which is it's our position that all of the parties in hearing before the motions for summary judgment on The collateral stop issue were submitted and I'll read directly from the bankruptcy court's decision the parties agreed that the court could not reconsider findings of fact made by the trial court the issue was whether those findings of fact constituted a violation of 11 USC 523 A4 And so having reached that agreement the parties proceeded without understanding and filed rule 50 local rule 56 A1 statements of material fact which cited principally to the trial court's memorandum of decision identifying the issues that would be relevant for the bankruptcy court's review on the collateral estoppel issue And therefore in the first appeal of the bankruptcy court's decision to the district court judge mayor rejected this argument specifically for the reason that I just stated relying on this the existence of this agreement having reached the agreement you can't later on make an argument that there should be a requirement that all the record be provided to the Bankruptcy court for the purposes of the collateral estoppel review but then judge mayor went on to say that the whole point of collateral estoppel is to preterm it a review of the underlying evidence Where there have been factual findings in another proceeding between the same parties by another competent court of jurisdiction and that is the point of collateral estoppel to avoid an incessant relitigation of factual findings in subsequent courts and subsequent issues just like this one So in addition to this oral agreement that was reached by the parties the law of this jurisdiction my position is fairly clear that the court the bankruptcy court had the authority to limit the parties solely to the factual findings of the state trial court's memorandum of decision Particularly because the state trial court's memorandum of decision was exhaustively detailed with ample citations to fact within the decision to support the factual findings that were made particularly with regard to the intentionality of the theft perpetrated by attorney Mulligan as found by the state trial court It is a 35 page memorandum of decision that did not leave anything to the imagination of the reader particularly on the question of the state law claim for statutory theft which the bankruptcy court judge held was preclusive of the issue of defalcation by a fiduciary under 523 Beyond that I believe everything is stated in my brief unless the court has any questions for me Thank you very much Your honors I think you can see that the single issue with respect to this collateral estoppel is the term relitigation the same as review I submit it is not If you go to the audio file which is referenced in the brief you'll see the discussion at this conference with Judge Nevins and the parties have said yes we can't relitigate these facts and Mulligan is very disappointed to know that But the reality is that a few moments later in the audio file Mulligan's then attorney argues from the transcripts evidence which the court needs to be aware of Judge Nevins cut him off saying I cannot look at that So Judge Nevins was squarely in that camp which said we cannot relitigate therefore I cannot review I can't look at it I'm stuck with the decision If we're stuck with the decision in my appellate brief when I attempted to show the court the importance of this in this case and I think it's an excellent case to show the reasoning behind the Connecticut case law Is that if you look at the claims against Mulligan in that 35 page decision what you find is there are two primary facts that Judge Shapiro decided The first was that Mulligan intentionally deceived Jalbert with respect to the assumption of their defense in their neighbor's lawsuit That happened two years after Mulligan started working on the file And the second fact that he raised that Mulligan lied to them about this assumption so that he could continue to work for them and thus justify fees which they agreed to pay him in May of the same year The importance of the record here is that that claim is not in the pleadings it doesn't exist in the pleadings There is no claim Mulligan deceived them for the purpose of justifying these fees which he had not yet performed services for The record is clear that Mulligan performed two years of services and it is those services which relate to this payment He did not charge a dime to the Jalbert's for any services post the assumption but he was entitled to do so as was shown by the Jalbert's witness The attorney who was hired by Chicago to represent them I also point out your honor that if you look in the appendix and it's referred to in the appellate brief The assumption by Chicago was not absolute it was filled with reservations of rights They only agreed in the initial letter to Mulligan on March 8, 2007 To say that we will assume the defense of these three claims out of the seven in the complaint Which left the other four open for discussion Now it doesn't matter that at that time Connecticut did not permit limited appearances The bottom line is that the company only accepted at that time three of the seven counts In her testimony on cross Mrs. Jalbert testified that yes Mulligan advised us That the Chicago title had agreed it would assume three of the seven counts So Mulligan did disclose precisely what Chicago told them Their witness attorney Marcus the attorney by Chicago testified that at a meeting with Jalbert four days after the letter He described to them the fact that he had been hired by Chicago to represent them in the case He also testified that Mulligan was asked to continue to represent Jalbert by the Jalbert's The importance of their record to the issue of collateral estoppel I think is shown by those facts Because indeed Mulligan did not have a fair trial of that allegation Nor of the other allegation in the decision which was that Mulligan agreed that if Chicago assumed the defense That he would then pay Bruce Jalbert for his services as opposed to the alleged bartering system And that claim is not in the pleadings either If it were you'll notice that in the brief to the U.S. District Court Mulligan explains How different the defense would have been if anyone had alerted him that those claims existed But they did not exist until Judge Shapiro issued his decision Thank you Thank you Mr. Mulligan thank you both we'll take the matter under advisement That's the last argued case on the calendar this morning so I'll ask the clerk to adjourn court Court is adjourned